# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01382-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

A.W. KUTA, and
KENNETH CRANK,

    Defendants.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

Plaintiff, Timothy Doyle Young, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Plaintiff has submitted a Civil Complaint.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this Order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

Furthermore, Plaintiff complains that Defendant Kenneth Crank, the Trust Fund Supervisor, and Defendant Kuta, the Associate Warden, are denying him access to his records.  Plaintiff further asserts that Defendant Crank and the Business Office have not

responded to numerous written requests for access to his records.  Plaintiff has failed to demonstrate that he has requested access but has been denied the request.  Plaintiff must provide evidence that he submitted a **proper** request to prison staff for a particular document.

To the extent that Plaintiff is asserting he is unable to obtain a certified copy of his trust fund account statement, in *Young v. Wiley*, No. 07-cv-02240-BNB (D. Colo. Apr. 10, 2008), the BOP stated that if Mr. Young needs numerous copies of the certified account statement to provide to the Court he may make copies of the statement or request that a member of the Unit Team make copies for him.  *See Young*, No. 07-cv-02240-BNB, Doc. No. 9 at 3.  Nonetheless, Plaintiff does not specifically state he has requested a trust fund account statement and has been denied.

As the Court found in Case No. 07-cv-02240, simply because Plaintiff may disagree with or desires not to follow BOP procedures does not mean the Court will waive the requirement that he must provide a certified copy of his trust fund account statement to the Court.  If Plaintiff fails to comply with the instant Order and insists on objecting to the Court's requirements the Complaint and action will be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)  _X_   is not submitted (must use 10/1/13 revised form)
(2)  ___   is missing affidavit
(3)  _X_   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___   is missing **certified** statement showing current balance in prison account
(5)  ___   is missing required financial information
(6)  ___   is missing an original signature by the prisoner
(7)  ___   is not on proper form (must use the court's 10/1/12 revised form)

(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ other:

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) _X_ is not on proper form (must use the Court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos. __
(15) __ uses et al. instead of listing all parties in caption
(16) __ names in caption do not match names in text
(17) __ other:

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved forms used in filing a civil complaint and a 28 U.S.C. § 1915 motion (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED May 29, 2013, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge

3